# Exhibit A

# COVER SHEET
## Civil Case Filing Form

*(To be completed by Attorney/Party Prior to Filing of Pleading)*

| Court Identification Docket # | | | Case Year | Docket Number |
|---|---|---|---|---|
| County # | Judicial District | Court ID (CH, CI, CO) | | |
| 2 5 | | C 1 | 2 0 1 9 | 1 4 4 |

Local Docket ID

Mississippi Supreme Court    Form AOC/01
Administrative Office of Courts    (Rev 2016)

This area to be completed by clerk

| Month | Date | Year |
|---|---|---|
| 0 3 | 0 7 | 1 9 |

Case Number if filed prior to 1/1/94

In the CIRCUIT ☒ Court of HINDS ☒ County — FIRST ☒ Judicial District

**Origin of Suit (Place an "X" in one box only)**

- ☒ Initial Filing
- ☐ Reinstated
- ☐ Foreign Judgment Enrolled
- ☐ Transfer from Other court
- ☐ Other
- ☐ Remanded
- ☐ Reopened
- ☐ Joining Suit/Action
- ☐ Appeal

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual

| Last Name | First Name | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV |
|---|---|---|---|---|

___ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

___ Check ( x ) if Individual Planitiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency

Business   290, Inc.

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

___ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A

Address of Plaintiff   290 Commerce Park Drive Ridgeland, MS 39157

Attorney (Name & Address)   Edwin Cheshire, Jr. 290 Commerce Park Dr. Ridgeland, MS 39157    MS Bar No. 101413

___ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney

Signature of Individual Filing: Edw Chsh

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual

| Last Name | First Name | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV |
|---|---|---|---|---|

___ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

___ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency

Business   Hartford Casualty Insruance Company

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

___ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A

Attorney (Name & Address) - If Known    MS Bar No.

___ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial | | Alcohol/Drug Commitment (Voluntary) ☐ | Real Property |
|---|---|---|---|---|
| ☐ Child Custody/Visitation | ☐ Accounting (Business) | | ☐ Other | ☐ Adverse Possession |
| ☐ Child Support | ☐ Business Dissolution | | **Children/Minors - Non-Domestic** | ☐ Ejectment |
| ☐ Contempt | ☐ Debt Collection | | ☐ Adoption - Contested | ☐ Eminent Domain |
| ☐ Divorce:Fault | ☐ Employment | | ☐ Adoption - Uncontested | ☐ Eviction |
| ☐ Divorce: Irreconcilable Diff. | ☐ Foreign Judgment | | ☐ Consent to Abortion | ☐ Judicial Foreclosure |
| ☐ Domestic Abuse | ☐ Garnishment | | ☐ Minor Removal of Minority | ☐ Lien Assertion |
| ☐ Emancipation | ☐ Replevin | | ☐ Other | ☐ Partition |
| ☐ Modification | ☐ Other | | **Civil Rights** | ☐ Tax Sale: Confirm/Cancel |
| ☐ Paternity | **Probate** | | ☐ Elections | ☐ Title Boundary or Easement |
| ☐ Property Division | ☐ Accounting (Probate) | | ☐ Expungement | ☐ Other |
| ☐ Separate Maintenance | ☐ Birth Certificate Correction | | ☐ Habeas Corpus | **Torts** |
| ☐ Term. of Parental Rights-Chancery | ☐ Mental Health Commitment | | ☐ Post Conviction Relief/Prisoner | ☒ Bad Faith |
| ☐ UIFSA (eff 7/1/97; formerly URESA) | ☐ Conservatorship | | ☐ Other | ☐ Fraud |
| ☐ Other | ☐ Guardianship | | **Contract** | ☐ Intentional Tort |
| **Appeals** | ☐ Heirship | | ☐ Breach of Contract | ☐ Loss of Consortium |
| ☐ Administrative Agency | ☐ Intestate Estate | | ☐ Installment Contract | ☐ Malpractice - Legal |
| ☐ County Court | ☐ Minor's Settlement | | ☐ Insurance | ☐ Malpractice - Medical |
| ☐ Hardship Petition (Driver License) | ☐ Muniment of Title | | ☐ Specific Performance | ☐ Mass Tort |
| ☐ Justice Court | ☐ Name Change | | ☐ Other | ☐ Negligence - General |
| ☐ MS Dept Employment Security | ☐ Testate Estate | | **Statutes/Rules** | ☐ Negligence - Motor Vehicle |
| ☐ Municipal Court | ☐ Will Contest | | ☐ Bond Validation | ☐ Premises Liability |
| ☐ Other | ☐ Alcohol/Drug Commitment (Involuntary) | | ☐ Civil Forfeiture | ☐ Product Liability |
| | | | ☐ Declaratory Judgment | ☐ Subrogation |
| | | | ☐ Injunction or Restraining Order | ☐ Wrongful Death |
| | | | ☐ Other | ☐ Other |

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY, MISSISSIPPI

**290, INC.**                                                                 **PLAINTIFF**

**V.**                                              Civil Action No.: _19-144_

**HARTFORD CASUALTY INSURANCE COMPANY**                   **DEFENDANT**

### COMPLAINT

#### (*JURY TRIAL REQUESTED*)

COMES NOW the Plaintiff, 290, Inc. and files this civil action for damages against

Defendant HARTFORD CASUALTY INSURANCE, under the following causes of action:

breach of contract; tortious breach of contract; negligence and gross negligence; breach of

fiduciary duties; breach of the duty of good faith and fair dealing; bad faith, for the wrongful

delay and failure to promptly and adequately investigate Plaintiff's claim for insurance coverage

and refusal, without justification or arguable basis, to provide coverage under a valid and

enforceable property and homeowners insurance policy, number 20 SBA IO1474 (sometimes

hereinafter referred to as "the subject policy" or "the policy"); and, additionally and/or

alternatively, misrepresentation; intentional and/or negligent interference with contractual and/or

business relations, negligence, and other theories as set forth herein, and in support thereof,

would show as follows:

### PARTIES

1.      Plaintiff 290, Inc. is a domestic corporation licensed to do business in the State of

Mississippi. At all material times, Plaintiff was owner of properties located at 290 Commerce

Park Drive, Ridgeland, MS, 292 Commerce Park Drive, Ridgeland, MS, 5450 I 55 N, Jackson, MS, and 295 Highway 51, Ridgeland, MS (referred to herein at times as the "insured properties").

2.    Defendant HARTFORD CASUALTY INSURANCE COMPANY ("HCIC") is a foreign corporation, believed to be domiciled in the state of Connecticut, and licensed to do and doing business in the State of Mississippi. Defendant HCIC may be served with process by delivering a copy of the Summons and Complaint to the Mississippi Commissioner of Insurance, Mike Chaney, as its registered agent, the same being 1001 Woolfolk State Office Building, 501 N. West St., Jackson, Mississippi 39201. HCIC was, at all material times, issuers, underwriters, guarantors, adjusters, and insurers with respect to the insured properties, and the subject policy. HCIC is referred to herein as "Hartford".

## JURISDICTION AND VENUE

3.    This Court has jurisdiction of this cause pursuant to §156 of the Mississippi Constitution and Miss. Code Ann. §9-7-81, as the amount in controversy exceeds the jurisdictional minimum set forth therein.

4.    Venue is proper in this Court pursuant to Miss. Code Ann. § 11-11-3 because, among other events and actions occurring in Hinds County, Mississippi, a substantial event which caused the injury for which compensation is sought by reason of this Complaint occurred in Hinds County, Mississippi.

## FACTS

5.    Prior to March 9, 2016, Plaintiff purchased an insurance policy underwritten by

2

Defendant Hartford, insuring Plaintiff's properties located at 290 Commerce Park Drive, Ridgeland, MS, 292 Commerce Park Drive, Ridgeland, MS, 5450 I 55 N, Jackson, MS, and 295 Highway 51, Ridgeland, MS. The declarations page for Policy No. 20 SBA IO1474, is attached hereto as Exhibit "A". Among other coverages, the Hartford policy provided property damage coverage and related benefits to Plaintiff in the event the properties owned by Plaintiff experienced a covered loss.

6.      At all material times, Plaintiff, relying upon the oral and written representations made to Plaintiff, paid such premiums as required by Hartford for coverage under the subject policy. At all material times, all conditions precedent to policy coverage for the subject properties under the subject policy were satisfied.

7.      On or about March 9-13, 2016, the properties owned by Plaintiff experienced a covered loss, namely, damages due to windstorms and falling objects.

8.      As a result of the covered losses of March 9-13, 2016, Plaintiff became entitled to receive, and Defendant Hartford became obligated to pay, benefits under the policy of insurance. The losses were reported to Hartford, and Plaintiff made a claim for policy benefits under the policy.   Hartford investigated and adjusted the claim.

9.      Notwithstanding the clear evidence of damages to Plaintiff's properties, Hartford failed to adjust the claim in conformity with the actual extent of damage present to Plaintiff properties.

10.     Subsequent to the losses, Hartford failed to pay, and still refuses to pay, to Plaintiff proper amounts due and owing under the policy. Plaintiff's damages continue to accrue as of the filing of this Complaint.

11.     Specifically, Hartford has, without a legitimate or arguable reason, denied claims and failed to pay benefits under the policy. Hartford has, without a legitimate or arguable reason, denied the extent of the loss to Plaintiff's properties, and has refused to pay policy benefits in conformity with the existence and extent of the damage related to the losses. As a result, thereof, Plaintiff has sustained damages.

12.     Plaintiff has furnished to Hartford Plaintiff's claim for damages and loss of use resulting from the windstorms and falling debris, as well as Building Damage Assessment resulting from the windstorms and falling debris, and repair estimates based on the Building Damage Assessment. Notwithstanding the existence of policy coverage and the existence of a non-delegable duty to pay Plaintiff benefits as set forth in the policy, Hartford has failed to pay Plaintiff's claim in conformity with the contract of insurance.

13.     As a result of the wrongful acts of Defendant, Plaintiff has suffered damages, for which Complaint is made herein.

14.     To date, Hartford has not paid nor tendered to Plaintiff benefits due and owing under the policy at issue. On good faith information and belief, Plaintiff alleges that such acts are consistent with, and evidence, Defendant's negligent and malicious pattern and practice and scheme of intentionally denying and delaying the payment of valid claims. Said pattern and practice and scheme is designed to frustrate the legitimate claims of policy holders, minimize the payout of properly due benefits by Hartford, increase Hartford's profit earned on non-paid claims by retaining funds for an unreasonable amount of time, while earning interest on such funds, and to increase, in violation of law and the contracts entered into with its insureds, Hartford's profit

4

and financial reward at direct expense to, and financial damage to, Hartford's insureds such as

Plaintiff.

15.      Hartford has unreasonably delayed payment of the claim and has

constructively denied coverage for Plaintiff' properties. Among other acts, Hartford has refused

to acknowledge the character and extent of the damage to the properties, and such other

wrongful, negligent, and malicious actions to be proven at trial of this matter.

16.      All such actions have been calculated to cause Plaintiff financial harm, and to

minimize, delay, and deny Plaintiff rightful recovery under the policy, all to the financial benefit

of Hartford. All such actions were negligent, grossly negligent, in breach of the contract in force

between Hartford and Plaintiff, undertaken in a reckless and malicious manner, and undertaken

in conscious disregard for the rights, safety, and financial security of Plaintiff.

17.      By reason of Defendant's wrongful acts, Plaintiff has sustained damages.

### BREACH OF CONTRACT AND TORTIOUS BREACH OF CONTRACT

18.      The foregoing paragraphs of this Complaint are realleged and incorporated herein

by reference as if reproduced in full.

19.      Defendant Hartford has breached the contract of insurance and wrongly denied

payment for damages to Plaintiff' properties and costs incurred as a result of Plaintiff' loss of use

of their properties. As a proximate result of the breach of contract by the Defendant Hartford, the

Plaintiff has not received coverage to which it was entitled under the terms of the insurance

policy.   Plaintiff is therefore entitled to an award of damages to cover the repairs and/or

replacement of its properties, or the actual cash value of its properties, costs incurred by virtue of

the loss of use of itsproperties, and attorneys' fees incurred as a result of the Defendant's breach

of contract.

20.     The actions of the Defendant Hartford in willfully, intentionally and/or with gross negligence refusing to honor its obligations under the policy of insurance in question, without arguable basis in fact or law including the failure to provide full benefits under the policy to Plaintiff and in delaying and denying payment to Plaintiff in contravention of Mississippi law, the terms of the policy, and representations of the Defendant, constitutes tortious breach of contract under Mississippi law.

21.     The Defendant's wrongful conduct has also proximately caused Plaintiff to suffer damages including, expenses and other incidental damages for which Defendant is liable.

### NEGLIGENCE AND GROSS NEGLIGENCE

22.     The foregoing paragraphs of this Complaint are realleged and incorporated herein by reference as if reproduced in full.

23.     Defendant Hartford owed a duty to Plaintiff to honor the contract of insurance, to promptly pay all benefits due and owing under the policy and to adjust the claim properly by utilizing proper claims handling procedures and by remaining knowledgeable of their own claims handling procedures or those of their agents or principal(s) and by remaining aware of and following Mississippi law

24.     Defendant Hartford breached its duties in this regard and as a proximate result thereof, Plaintiff has suffered damages including the wrongful delay and denial of payment of the benefits to which it is   entitled under the policy.

### BREACH OF FIDUCIARY DUTIES AND THE DUTY OF GOOD FAITH AND FAIR DEALING

25.     The foregoing paragraphs of this Complaint are realleged and incorporated herein

6

by reference as if reproduced in full.

26.     Defendant Hartford owed Plaintiff fiduciary duties and/or duties of good faith and fair dealing because of the relationship existing between them consisting of special trust and confidence.

27.     Defendant breached these duties owed to the Plaintiff by failing to perform under the contract of insurance, by disregarding Mississippi law, and by disregarding Defendant's representations and the policy provisions, all of which constitute a breach of terms vital to the existence of the policy.

28.     Plaintiff is entitled to damages and/or specific performance based on Defendant's unjustified breach of their fiduciary duties.

29.     Defendant has also breached the covenant of good faith and fair dealing implicit in all contracts in the State of Mississippi by attempting to avoid their obligations under the contract of insurance.   Plaintiff is entitled to damages and/or specific performance based upon the unjustified breach of duty of good faith and fair dealing by the Defendant.   Plaintiff is entitled to payment of the benefits which have been wrongfully denied under the terms of the insurance policy, damages for incidental expenses and loss of use which Plaintiff has suffered as a result of the breach of fiduciary duties and breach of the duty of good faith and fair dealing, attorneys' fees and punitive damages.

## BAD FAITH REFUSAL TO PROVIDE COVERAGE AND TO PROMPTLY AND ADEQUATELY INVESTIGATE THE CLAIM

30.     The foregoing paragraphs of this Complaint are realleged and incorporated herein by reference as if reproduced in full.

31.     The actions of Defendant Hartford in willfully, intentionally or with gross

negligence refusing to honor the obligations to Plaintiff imposed under the subject policy of

insurance and in accordance with the laws of the State of Mississippi, constitute bad faith and

entitle the Plaintiff to an action at law against Defendant Hartford for such willful and intentional

actions.  Hartford's willful refusal to honor the subject contract of insurance in accordance with

the subject policy between Hartford and Plaintiff without any legitimate or arguable reason to

deny coverage under the policy and in direct contravention of the laws of this state regarding

rights of the insured and in disregard of the terms of the policy itself is sufficient to constitute an

independent, intentional tort for which the Defendant Hartford is liable.  Specifically, such

willful and intentional refusal without arguable reason to honor the contract of insurance

between Plaintiff and Defendant evinces utter indifference to the rights, safety, and financial

security of the Plaintiff and constitutes the type of intentional, independent tort which entitles the

Plaintiff to an award of compensatory as well as punitive damages against the Defendant

Hartford.

  32. Defendant Hartford has acted in bad faith, intentionally, willfully, and with

callous, gross and utter indifference in regard to the rights, safety, and financial security of the

Plaintiff and/or with gross negligence, has breached its duties to the Plaintiff without legitimate,

justifiable or reasonably arguable basis including, but not limited to the following, each of which

constitutes a separate and independent tort:

    (a) willfully or with gross negligence refusing to honor the contract of

      insurance between Plaintiff and Defendant Hartford when Defendant knew

      the subject policy of insurance had been issued and was effective as of the

      date of Plaintiff' loss and claim for coverage;

8

(b)     willfully or with gross negligence failing and refusing to honor a contract
        of insurance between Plaintiff and Defendant after learning there was no
        legitimate, justifiable or reasonably arguable basis for denying coverage
        for the extent of Plaintiff's loss;

(c)     by failing to properly investigate Plaintiff's claim and instead relying upon
        an invalid, factually incredible, and pretextual reason for failing to pay
        Plaintiff's claim;

(d)     by acting contrary to and in violation of Defendant's own policies and
        procedures as well as established industry standards and Mississippi law
        for adjusting insurance claims such as the claim which is the subject of
        this Complaint;

(e)     by failing to promptly or adequately investigate this claim including
        disregard of the responsibility to investigate the facts surrounding the
        claim and the underwriting of the subject policy, and disregard of the
        policy terms as to the amount of benefits due Plaintiff, and the promises
        and assurances of Defendant and their agents with respect to coverage
        provided under the policy;

(f)     for the failure to interview material factual witnesses to ascertain if they
        possess any relevant knowledge regarding Plaintiff's request for benefits
        under the policy and;

(g)     such other acts as may be specified at trial.

33.     As a proximate result of the wrongful conduct of Defendant, as stated above,

9

Plaintiff did not receive compensation to which it was entitled under the policy of insurance, thus causing Plaintiff to be without the properties, while simultaneously being obligated to continue making payments on the properties.

34.     Because of Defendant's failure to act in good faith and honor the valid contract of insurance between the parties, Plaintiff suffered actual out-of-pocket expenses and costs for loss of use of its properties in an amount to be proven at trial.

35.     The Defendant has acted intentionally and in bad faith, with such willfulness, malice, gross and reckless disregard of the Plaintiff's rights, safety and financial security as is equivalent to a wrongful refusal of payment of a legitimate claim, without a legitimate or arguable reason to deny payment of the Plaintiff's claims, evincing wanton and ruthless disregard for the rights of the Plaintiff thereby entitling the Plaintiff to recover punitive damages.

## PROMISSORY AND/OR EQUITABLE ESTOPPEL

36.     The foregoing paragraphs of this Complaint are incorporated under this count by reference.

37.     Plaintiff relied upon promises made by the Defendant Hartford in the written policy of insurance that they had coverage from the date of purchase and that all benefits as set forth in the policy would be paid in the event of loss or damage to the property, including the maximum amount of insurance sold to and purchased by Plaintiff.   Hartford also represented through verbal confirmation, correspondence and otherwise that Plaintiff was covered at the time of its loss and that the policy was in effect as of March 9-13, 2016.   Further, Hartford requested and accepted additional premium payments on the policy of insurance subsequent to inception of

10

the claim.

38.     Plaintiff has been injured as a result of the Defendant Hartford's failure to honor

its promises.   Specifically, Plaintiff detrimentally relied upon the Hartford's promises that

coverage was effective on the date of purchase and at all renewal dates, in not making alternative

arrangements to obtain and/or replace the insurance coverage in question in this case.   Further,

Defendant sought and accepted premium payments from Plaintiff for the insured value of the

properties, and Defendant is estopped from contending that Plaintiff did not have an insurable

interest in the properties, and the properties did not have a value to the extent as set forth in the

policy.

39.     Therefore, Hartford is estopped from refusing to honor their promises under the

contract of insurance.   Plaintiff is entitled to a judgment requiring Hartford to honor its promises

and make Plaintiff whole under the contract of insurance plus any and all other appropriate

damages including attorneys' fees and court costs.

WHEREFORE, Plaintiff demands judgment of and from Defendant, for actual, extra-

contractual, and punitive damages, in an amount to be awarded by a jury after the trial of this

matter, including all amounts due and owing under the policy of insurance at issue, and including

damages for incidental expenses, loss of use, reimbursement for repairs made, inconvenience and

aggravation; attorneys' fees and costs associated with the prosecution of this action; punitive

damages in an amount calculated to deter this Defendant and those similarly situated from like

conduct in the future; prejudgment interest on all such amounts, in a total amount of

$2,500,000.00, or in a different amount to be established at trial of this action.

Plaintiff further pray that this Court declare the rights, status, and legal relations of and

11

between Plaintiff and Defendant with respect to the policy of insurance and the contracts of

repairs at issue herein, specifically including, but not limited to, the amount of benefits due and

payable to Plaintiff under the policy at issue.

Plaintiff also prays for any other relief, both legal and equitable, to which Plaintiff may

be entitled.

This the _____7_____ day of March, 2019.

Respectfully submitted,
290, INC.
PLAINTIFF

Edwin Cheshire Jr, (MS Bar #101413)
ATTORNEY FOR PLAINTIFF


Edwin Cheshire Jr., MSB No. 101413
Cheshire Law Offices, PLLC
290 Commerce Park Drive, Suite E
Ridgeland, Mississippi 39157
601.605.9100 - Telephone
601.605.5996 - Facsimile
cheshirelaw@gmail.com

POLICY FACE SHEET

74
14 INSURED:
IO HARTFORD CASUALTY INSURANCE COMPANY
SBA

    POLICY NO. 20 SBA IO1474   SA          RECORDS RETENTION - PERMANENT

DECLARATIONS
ITEMS
1. NAMED INSURED AND             290, INC.
   MAILING ADDRESS:         290 COMMERCE PARK DR STE E
                      RIDGELAND, MADISON
                      MS. 39157

2. POLICY PERIOD:          06/19/15    06/19/16    1
                        INCEPTION   EXPIRATION   YEAR

   AGENT'S CODE: 240281
   AGENT'S NAME: OSEMAN INSURANCE AGENCY INC

   PREVIOUS POLICY NO. 20 SBA IO1474

3. THE NAMED INSURED IS: CORP

   POLICY STATUS: ACTIVE
   LOB LEVEL OF SUPPORT: SP-S
   MARKET SEGMENTATION:  750

   SELECT CUSTOMER
   DIRECT ACCOUNT BILL NUMBER - 12609189
   DEDUCTIBLE
   RATED RISK

                           AUTOMATICALLY  BOOKED
               ABBREVIATED  POLICY ISSUED
                          AUTOMATICALLY  RENEWED

EXHIBIT
A

74  This **Spectrum Policy** consists of the Declarations, Coverage Forms, Common Policy Conditions and any
14  other Forms and Endorsements issued to be a part of the Policy. This insurance is provided by the stock
IO  insurance company of The Hartford Insurance Group shown below.
SBA

**INSURER:**  HARTFORD CASUALTY INSURANCE COMPANY
            ONE HARTFORD PLAZA, HARTFORD, CT 06155
**COMPANY CODE:** 3

**Policy Number:**  20 SBA IO1474  SA

## SPECTRUM POLICY DECLARATIONS

**Named Insured and Mailing Address:**          290, INC.
(No., Street, Town, State, Zip Code)

                                          290 COMMERCE PARK DR STE E
                                          RIDGELAND          MS   39157

**Policy Period:**          **From**   06/19/15    **To**   06/19/16   1   YEAR
12:01 a.m., Standard time at your mailing address shown above. **Exception:** 12 noon in New Hampshire.

**Name of Agent/Broker:** OSEMAN INSURANCE AGENCY INC
**Code:** 240281

**Previous Policy Number:** 20 SBA IO1474

**Named Insured is:** CORPORATION

**Audit Period:** NON-AUDITABLE

**Type of Property Coverage:** SPECIAL

**Insurance Provided:** In return for the payment of the premium and subject to all of the terms of this policy, we
agree with you to provide insurance as stated in this policy.

---

**TOTAL ANNUAL PREMIUM IS:**          $8,475

---

Countersigned by       *Susan L. Castaneda*                    05/04/15
                    **Authorized Representative**                  Date

---

**Form SS 00 02 12 06**                    **Page** 001 (CONTINUED ON NEXT PAGE)
**Process Date:** 05/04/15                    **Policy Expiration Date:** 06/19/16

## SPECTRUM POLICY DECLARATIONS  (Continued)
**POLICY NUMBER:** 20 SBA IO1474

Location(s), Building(s), Business of Named Insured and Schedule of Coverages for Premises as designated by Number below.

**Location:** 001      **Building:** 001

290 COMMERCE PARK DR
RIDGELAND        MS 39157

**Description of Business:** LESSORS RISK
OTHER PROFESSIONAL OFFICES - BUILDING OWNER OCCUPIES LESS THAN 75%

**Deductible:** $   500 PER OCCURRENCE

### BUILDING AND BUSINESS PERSONAL PROPERTY   LIMITS OF INSURANCE

**BUILDING**

REPLACEMENT COST              $   728,000

**BUSINESS PERSONAL PROPERTY**

**REPLACEMENT COST**              $   130,200

**PERSONAL PROPERTY OF OTHERS**

**REPLACEMENT COST**              NO COVERAGE

MONEY AND SECURITIES

INSIDE THE PREMISES          $   10,000
OUTSIDE THE PREMISES         $    5,000

## SPECTRUM POLICY DECLARATIONS (Continued)
**POLICY NUMBER:** 20 SBA IO1474

Location(s), Building(s), Business of Named Insured and Schedule of Coverages for Premises as designated by Number below.

**Location:** 001      **Building:** 001

**PROPERTY OPTIONAL COVERAGES APPLICABLE    LIMITS OF INSURANCE**
  **TO THIS LOCATION**

BACK-UP OF SEWERS AND DRAINS                 $   25,000
 COVERAGE FORM SS 04 53

STRETCH COVERAGES
FORM: SS 04 08
THIS FORM INCLUDES MANY ADDITIONAL
COVERAGES AND EXTENSIONS OF
COVERAGES. A SUMMARY OF THE
COVERAGE LIMITS IS ATTACHED.

LIMITED FUNGI, BACTERIA OR VIRUS             $   50,000
COVERAGE:
FORM SS 40 93
THIS IS THE MAXIMUM AMOUNT OF
INSURANCE FOR THIS COVERAGE,
SUBJECT TO ALL PROPERTY LIMITS
FOUND ELSEWHERE ON THIS
DECLARATION.
INCLUDING BUSINESS INCOME AND EXTRA
EXPENSE COVERAGE FOR:                          30 DAYS

**SPECTRUM POLICY DECLARATIONS (Continued)**
**POLICY NUMBER:** 20 SBA IO1474

Location(s), Building(s), Business of Named Insured and Schedule of Coverages for Premises as designated by Number below.

**Location:** 002       **Building:** 001

5450 I 55 N
JACKSON          MS 39236

**Description of Business:** LESSORS RISK
OTHER PROFESSIONAL OFFICES - BUILDING OWNER OCCUPIES LESS THAN 75%

**Deductible:** $   500 PER OCCURRENCE

**BUILDING AND BUSINESS PERSONAL PROPERTY   LIMITS OF INSURANCE**

   **BUILDING**

   REPLACEMENT COST                    $    230,700

   **BUSINESS PERSONAL PROPERTY**

   **REPLACEMENT COST**                NO COVERAGE

   **PERSONAL PROPERTY OF OTHERS**

   **REPLACEMENT COST**                NO COVERAGE

MONEY AND SECURITIES

   INSIDE THE PREMISES                 $    10,000
   OUTSIDE THE PREMISES                $     5,000

**Form SS 00 02 12 06**                 **Page** 004 (CONTINUED ON NEXT PAGE)
**Process Date:** 05/04/15              **Policy Expiration Date:** 06/19/16

**SPECTRUM POLICY DECLARATIONS (Continued)**
**POLICY NUMBER:** 20 SBA IO1474

Location(s), Building(s), Business of Named Insured and Schedule of Coverages for Premises as designated by
Number below.

**Location:** 002        **Building:** 001

**PROPERTY OPTIONAL COVERAGES APPLICABLE   LIMITS OF INSURANCE**
**TO THIS LOCATION**

BACK-UP OF SEWERS AND DRAINS            $    25,000
  COVERAGE FORM SS 04 53

BUILDING STRETCH
FORM: SS 04 52
THIS FORM INCLUDES MANY ADDITIONAL
COVERAGES AND EXTENSIONS OF
COVERAGES. A SUMMARY OF THE
COVERAGE LIMITS IS ATTACHED.

LIMITED FUNGI, BACTERIA OR VIRUS        $    50,000
COVERAGE:
FORM SS 40 93
THIS IS THE MAXIMUM AMOUNT OF
INSURANCE FOR THIS COVERAGE,
SUBJECT TO ALL PROPERTY LIMITS
FOUND ELSEWHERE ON THIS
DECLARATION.
INCLUDING BUSINESS INCOME AND EXTRA
EXPENSE COVERAGE FOR:                       30 DAYS

## SPECTRUM POLICY DECLARATIONS  (Continued)
**POLICY NUMBER:** 20 SBA IO1474

Location(s), Building(s), Business of Named Insured and Schedule of Coverages for Premises as designated by Number below.

**Location:** 003        **Building:** 001

292 COMMERCE PARK DR
RIDGELAND         MS 39157

**Description of Business:** LESSORS RISK
OTHER PROFESSIONAL OFFICES - BUILDING OWNER OCCUPIES LESS THAN 75%

**Deductible:** $   500 PER OCCURRENCE

### BUILDING AND BUSINESS PERSONAL PROPERTY   LIMITS OF INSURANCE

#### BUILDING

REPLACEMENT  COST                      $    614,300

#### BUSINESS PERSONAL PROPERTY

**REPLACEMENT COST**                   $     12,500

#### PERSONAL PROPERTY OF OTHERS

**REPLACEMENT COST**                   NO COVERAGE

MONEY AND SECURITIES

INSIDE THE PREMISES                    $    10,000
OUTSIDE THE PREMISES                   $     5,000

---

**Form SS 00 02 12 06**                 **Page** 006 (CONTINUED  ON NEXT PAGE)
**Process Date:** 05/04/15              **Policy Expiration Date:** 06/19/16

## SPECTRUM POLICY DECLARATIONS (Continued)

**POLICY NUMBER:** 20 SBA IO1474

Location(s), Building(s), Business of Named Insured and Schedule of Coverages for Premises as designated by Number below.

**Location:** 003          **Building:** 001

### PROPERTY OPTIONAL COVERAGES APPLICABLE    LIMITS OF INSURANCE
### TO THIS LOCATION

STRETCH COVERAGES
FORM: SS 04 08
THIS FORM INCLUDES MANY ADDITIONAL
COVERAGES AND EXTENSIONS OF
COVERAGES. A SUMMARY OF THE
COVERAGE LIMITS IS ATTACHED.

LIMITED FUNGI, BACTERIA OR VIRUS          $    50,000
COVERAGE:
FORM SS 40 93
THIS IS THE MAXIMUM AMOUNT OF
INSURANCE FOR THIS COVERAGE,
SUBJECT TO ALL PROPERTY LIMITS
FOUND ELSEWHERE ON THIS
DECLARATION.
INCLUDING BUSINESS INCOME AND EXTRA
EXPENSE COVERAGE FOR:                       30 DAYS

## SPECTRUM POLICY DECLARATIONS  (Continued)
**POLICY NUMBER:** 20 SBA IO1474

Location(s), Building(s), Business of Named Insured and Schedule of Coverages for Premises as designated by Number below.

**Location:** 004     **Building:** 001

295 HIGHWAY 51
RIDGELAND          MS 39157

**Description of Business:** LESSORS RISK
OTHER PROFESSIONAL  OFFICES - BUILDING  OWNER OCCUPIES  LESS  THAN  75%

**Deductible:** $   500 PER OCCURRENCE

### BUILDING AND BUSINESS PERSONAL PROPERTY   LIMITS OF INSURANCE

#### BUILDING

REPLACEMENT  COST                         $    245,200

#### BUSINESS PERSONAL PROPERTY

##### REPLACEMENT COST                    NO COVERAGE

#### PERSONAL PROPERTY OF OTHERS

##### REPLACEMENT COST                    NO COVERAGE

MONEY AND SECURITIES

INSIDE  THE PREMISES                  $    10,000
OUTSIDE  THE PREMISES                 $     5,000

## SPECTRUM POLICY DECLARATIONS (Continued)
**POLICY NUMBER:** 20 SBA IO1474

Location(s), Building(s), Business of Named Insured and Schedule of Coverages for Premises as designated by Number below.

**Location:** 004      **Building:** 001

### PROPERTY OPTIONAL COVERAGES APPLICABLE   LIMITS OF INSURANCE TO THIS LOCATION

BUILDING STRETCH
FORM: SS 04 52
THIS FORM INCLUDES MANY ADDITIONAL
COVERAGES AND EXTENSIONS OF
COVERAGES. A SUMMARY OF THE
COVERAGE LIMITS IS ATTACHED.

LIMITED FUNGI, BACTERIA OR VIRUS      $   50,000
COVERAGE:
FORM SS 40 93
THIS IS THE MAXIMUM AMOUNT OF
INSURANCE FOR THIS COVERAGE,
SUBJECT TO ALL PROPERTY LIMITS
FOUND ELSEWHERE ON THIS
DECLARATION.
INCLUDING BUSINESS INCOME AND EXTRA
EXPENSE COVERAGE FOR:                 30 DAYS

## SPECTRUM POLICY DECLARATIONS (Continued)
**POLICY NUMBER:** 20 SBA IO1474

| PROPERTY OPTIONAL COVERAGES APPLICABLE TO ALL LOCATIONS | LIMITS OF INSURANCE |
|---|---|
| ACCOUNTS RECEIVABLE FORM SS 04 39 | $  15,000 |
| BUSINESS INCOME AND EXTRA EXPENSE COVERAGE COVERAGE INCLUDES THE FOLLOWING COVERAGE EXTENSIONS: | 12 MONTHS ACTUAL LOSS SUSTAINED |
| ACTION OF CIVIL AUTHORITY: | 30 DAYS |
| EXTENDED BUSINESS INCOME: | 30 CONSECUTIVE DAYS |
| VALUABLE PAPERS AND RECORDS FORM SS 04 47 | $  15,000 |
| EQUIPMENT BREAKDOWN COVERAGE COVERAGE FOR DIRECT PHYSICAL LOSS DUE TO: MECHANICAL BREAKDOWN, ARTIFICIALLY GENERATED CURRENT AND STEAM EXPLOSION | |
| THIS ADDITIONAL COVERAGE INCLUDES THE FOLLOWING EXTENSIONS HAZARDOUS SUBSTANCES EXPEDITING EXPENSES | $  50,000 $  50,000 |
| MECHANICAL BREAKDOWN COVERAGE ONLY APPLIES WHEN BUILDING OR BUSINESS PERSONAL PROPERTY IS SELECTED ON THE POLICY | |
| IDENTITY RECOVERY COVERAGE FORM SS 41 12 | $  15,000 |

**SPECTRUM POLICY DECLARATIONS (Continued)**
**POLICY NUMBER:** 20 SBA IO1474

| BUSINESS LIABILITY | LIMITS OF INSURANCE |
|---|---|
| **LIABILITY AND MEDICAL EXPENSES** | $1,000,000 |
| **MEDICAL EXPENSES - ANY ONE PERSON** | $   10,000 |
| **PERSONAL AND ADVERTISING INJURY** | $1,000,000 |
| **DAMAGES TO PREMISES RENTED TO YOU**     **ANY ONE PREMISES** | $  300,000 |
| **AGGREGATE LIMITS**     **PRODUCTS-COMPLETED OPERATIONS** | $2,000,000 |
| **GENERAL AGGREGATE** | $2,000,000 |

**EMPLOYMENT PRACTICES LIABILITY**
**COVERAGE:** FORM SS 09 01

| | |
|---|---|
| **EACH CLAIM LIMIT** | $    5,000 |
| **DEDUCTIBLE - EACH CLAIM LIMIT** NOT APPLICABLE | |
| **AGGREGATE LIMIT** | $    5,000 |

**RETROACTIVE DATE:** 06192009

This **Employment Practices Liability Coverage** contains claims made coverage.  Except as may be otherwise provided herein, specified coverages of this insurance are limited generally to liability for injuries for which claims are first made against the insured while the insurance is in force.  Please read and review the insurance carefully and discuss the coverage with your Hartford Agent or Broker.

The Limits of Insurance stated in this Declarations will be reduced, and may be completely exhausted, by the payment of "defense expense" and, in such event, The Company will not be obligated to pay any further "defense expense" or sums which the insured is or may become legally obligated to pay as "damages".

**SPECTRUM POLICY DECLARATIONS (Continued)**
**POLICY NUMBER:** 20 SBA IO1474

```
MORTGAGE HOLDER
SEE FORM IH 12 00
```

**Form Numbers of Forms and Endorsements that apply:**

```
SS 00 01 03 14        SS 00 05 12 06        SS 00 07 07 05        SS 00 08 04 05
SS 84 01 09 07        SS 84 31 09 07        SS 01 05 04 07        SS 04 08 09 07
SS 04 15 07 05        SS 04 19 07 05        SS 04 22 07 05        SS 04 30 07 05
SS 04 39 07 05        SS 04 41 04 09        SS 04 42 09 07        SS 04 44 07 05
SS 04 45 07 05        SS 04 46 09 14        SS 04 47 04 09        SS 04 52 09 07
SS 04 53 02 11        SS 04 80 03 00        SS 04 86 03 00        SS 40 18 07 05
SS 40 93 07 05        SS 41 12 12 07        SS 41 51 10 09        SS 41 62 06 11
SS 41 63 06 11        SS 05 47 09 01        SS 50 19 01 15        SS 50 57 04 05
SS 09 01 12 14        SS 09 67 09 14        SS 09 70 12 14        SS 09 71 12 14
IH 99 40 04 09        IH 99 41 04 09        SS 38 25 12 07        SS 83 76 01 15
      IH 12 00 11 85 MORTGAGEE
```

# IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## OF HINDS COUNTY, MISSISSIPPI

**290, INC.**                                                                 **PLAINTIFF**

**vs.**                                                      CAUSE NO. _19-144_

**HARTFORD CAUSALTY INSURANCE COMPANY**                        **DEFENDANTS**
**and JOHN DOES 1 through 10**

### SUMMONS

**TO:**  Hartford Casualty Insurance Company c/o Mike Chaney, Commissioner of Insurance
1001 Woolfolk State Office Building
501 N. West St.
Jackson, MS 39201

### NOTICE TO DEFENDANT

### THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS
### IS IMPORTANT
### YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS

**YOU ARE REQUIRED** to mail or hand deliver a copy of a written response to the Amended Complaint

to **Ewin Cheshire, Jr.**, attorney for the Plaintiff, whose address is 290 Commerce Park Drive, Suite E, Ridgeland,

MS 39157. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this

Summons and Complaint, or a judgment by default will be entered against you for the money or other things

demanded in the Complaint.

**YOU MUST ALSO FILE** the original of your response with the Clerk of this Court within a reasonable

time afterward.

**ISSUED UNDER MY HAND AND OFFICIAL SEAL** of said Court, this the ___7___ day of March 2019.

> **Zack Wallace**
> **Hinds County Circuit Clerk**
> **PO Box 327**
> **Jackson, MS 39205**
>
> By: _~~Shaley~~_ , D.C.

**(SEAL)**

1



# MISSISSIPPI INSURANCE DEPARTMENT

**MIKE CHANEY**
Commissioner of Insurance
State Fire Marshal

**J. MARK HAIRE**
Deputy Commissioner of Insurance

501 N. WEST STREET, SUITE 1001
WOOLFOLK BUILDING
JACKSON, MISSISSIPPI 39201
www.mid.ms.gov

MAILING ADDRESS
Post Office Box 79
Jackson, Mississippi 39205-0079
TELEPHONE: (601) 359-3569
FAX: (601) 359-2474
WATS: 1-800-562-2957 (Incoming-USA)

July 1, 2019

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
91 7199 9991 7033 1682 4130

Hartford Casualty Insurance Company
Attn: Charles A. Brewer, Esq.
C/O Corporation Service Company
506 South President Street
Jackson, MS 39201

In Re:  Civil Action No: 19-144
*290, Inc. vs. Hartford Casualty Insurance Company and John Does 1 through 10*, in the County
Court of Hinds County, Mississippi, First Judicial District

Dear Sir/Madam:

Please find enclosed copy of summons, complaint, and accompanying pleadings, if any,
in the above-styled cause, which have been served on the Commissioner of Insurance at 12:10
p.m. on July 1, 2019.

Sincerely

MIKE CHANEY
COMMISSIONER OF INSURANCE,

BY *Ammi Gates*

Ammi Gates
Secretary to Commissioner and
Legal Process Clerk

MC/ang
Enclosures
Pc: Honorable Zack Wallace

## PROOF OF SERVICE - SUMMONS
### (Process Server)

Name of Person or Entity Served:
**Hartford Casuatly Insurance Company**
**c/o Mike Chaney, Commissioner of Insurance**

I, the undersigned process server, served the **SUMMONS AND AMENDED COMPLAINT** upon the person or entity named above in the manner set forth below [process server must check proper space and provide all additional information that is requested to the mode of service used]:

☐    **FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE.** By mailing (by first class mail, postage prepaid) copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender [attached completed acknowledgment of receipt pursuant to *M.R.C.P.* Form 1B].

☒    **PERSONAL SERVICE.** I personally delivered copies to _Ammi N Gates_ on the _1st_ day of _July_ 2019, where I found said person in _Hinds_ County of the State of Mississippi.

☐    **RESIDENCE SERVICE.** After exercising reasonable diligence I was unable to deliver copies to said person within _____County, Mississippi. **I SERVED THE SUMMONS AND AMENDED COMPLAINT** on the _____ day of _____ 2019, at the usual place of abode of said person by leaving a true copy of the Summons and Complaint with _____ who is the _____ [here insert wife, husband, son, daughter, or other person as the case may be], a member of the family of the person served above the age of sixteen (16) years and willing to receive the Summons and Complaint, and thereafter on the _____ day of _____2019, I mailed [by first class mail, postage prepaid] copies to the person served at his or her usual place of abode where the copies were left.

☐    **CERTIFIED MAIL SERVICE.** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person [attach signed return receipt or other evidence of actual delivery to the person served].

At the time of service, I was at least eighteen (18) years of age and not a party to this action.

Fee for Service: $_____

**PROCESS SERVER MUST LIST BELOW: [Please print or type]**

**Name:** _Edwin Cheshire_
**Address:** _290 Commerce Park Dr, STE L_
**Telephone Number:** _601-605-9100_

                           **Signature of Process Server:** _Edwin Cheshire_



## MISSISSIPPI INSURANCE DEPARTMENT

**MIKE CHANEY**
Commissioner of Insurance
State Fire Marshal

**J. MARK HAIRE**
Deputy Commissioner of Insurance

501 N. WEST STREET, SUITE 1001
WOOLFOLK BUILDING
JACKSON, MISSISSIPPI 39201
www.mid.ms.gov

MAILING ADDRESS
Post Office Box 79
Jackson, Mississippi 39205-0079
TELEPHONE: (601) 359-3569
FAX: (601) 359-2474
WATS: 1-800-562-2957 (Incoming-USA)

July 22, 2019

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
91 7199 9991 7033 1682 4253

Hartford Casualty Insurance Company
C/O CT Corporation System of Mississippi
645 Lakeland East Drive, Suite 101
Flowood, MS 39232

In Re:  Civil Action No: 19-144
*290, Inc. vs. Hartford Casualty Insurance Company and John Does 1 through 10*, in the County
Court of Hinds County, Mississippi, First Judicial District

Dear Sir/Madam:

Please find enclosed copy of summons, complaint, and accompanying pleadings, if any,
in the above-styled cause, which have been served on the Commissioner of Insurance at 12:10
p.m. on July 1, 2019.

Sincerely

MIKE CHANEY
COMMISSIONER OF INSURANCE,

BY  *Ammi Gates*

Ammi Gates
Secretary to Commissioner and
Legal Process Clerk

MC/ang
Enclosures
Pc: Honorable Zack Wallace